ROBERT A. HUDDLESTON, ESQ., SBN 83662
JOAN E. PRESKY, ESQ., SBN 144272
**LAW OFFICE OF ROBERT A. HUDDLESTON**
500 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Telephone:   (925) 947-0100
Facsimile:    (925) 947-0111

Attorneys for Use – Plaintiff
F. RODGERS CORPORATION, a California Corporation

E-filing

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF F. RODGERS CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN SURETY COMPANY,<br><br>Defendant. | CASE NO. CV 08 2676 MHP<br><br>**COMPLAINT TO RECOVER ON MILLER ACT PAYMENT BOND (40 U.S.C. § 3131 *et seq.*); DEMAND FOR JURY TRIAL** |

Use-Plaintiff F. RODGERS CORPORATION (hereinafter "F. RODGERS") complains and alleges:

1.   This action is brought pursuant to and jurisdiction is conferred by Title 40, United States Code, sections 3131-3134.

2.   At all times relevant herein F. RODGERS was and now is a California corporation, doing business and having its principal place of business in the County of Alameda, State of California. F. RODGERS was formerly known as F. RODGERS SPECIALTY CONTRACTORS, INC.

3.   At all times relevant herein, defendant WESTERN SURETY COMPANY (hereinafter "SURETY" or "Defendant") was and now is a corporation authorized and licensed to do business and is doing business in the State of California as a surety issuing bonds required by law or contract by the United States and various agencies within the jurisdiction of this Court.

1
COMPLAINT TO RECOVER ON MILLER ACT PAYMENT
BOND (40 U.S.C. § 3131 et seq.); DEMAND FOR JURY TRIAL
C:\Documents and Settings\All Users\Documents\9104\Pld\Complaint.Western.Surety.wpd/mh

4.  At all times relevant herein, Taber Construction, Inc. (hereinafter "Taber") was and now is a California corporation, having its principal place of business in the County of Contra Costa, State of California.

5.  Taber, as a general contractor, entered into a written contract with the United States of America, by and through the National Park Service, Contract No. 1443N8000060910 (hereinafter "Prime Contract") by the terms of which Taber agreed to construct, alter and/or repair a public building known as the Sala Burton Maritime Museum in San Francisco, California (hereinafter "the Project.")

6.  Under 40 U.S.C. §§ 3131 *et seq.*, Taber, as principal, and defendant SURETY, as surety, executed and delivered a payment bond to the United States, whereby Taber and SURETY bound themselves jointly and severally for the purpose of allowing a joint action or actions against any or all of them and bound themselves in a sum of money equal to the contract price.

7.  Thereafter, Taber entered into a written subcontract with F. RODGERS to perform certain work on said Project, consisting of manufacture and installation of windows and doors for the Project. A copy of the subcontract between Taber and F. RODGERS is attached hereto as Exhibit A and incorporated herein by reference.

8.  Under the subcontract between Taber and F. RODGERS, Taber initially agreed to pay F. RODGERS $2,008,498.00 for said labor, material, services and equipment.

9.  By letter dated November 27, 2006, Taber directed F. RODGERS to proceed with the work. F. RODGERS did so.

10. Between December 2006 and February 2008, F. RODGERS furnished labor, material, services and equipment pursuant to subcontract between Taber and F. RODGERS, and at the specific request of Taber, in execution of the work required in the Prime Contract between Taber and the United States.

11. Pursuant to the subcontract between Taber and F. RODGERS, F. RODGERS was required to use a specified manufacturer, Next Door Company, for manufacture of the window frames and doors for the Project.

/////

2
COMPLAINT TO RECOVER ON MILLER ACT PAYMENT
BOND (40 U.S.C. § 3131 et seq.); DEMAND FOR JURY TRIAL
C:\Documents and Settings\All Users\Documents\9104\Pld\Complaint.Western.Surety.wpd/mh

12. The plans and specifications for the Project required the window frames to be straight, plumb and even, and required no more than a quarter inch variance between all sides of the window frame and the concrete openings. The concrete openings were shown to be square on the plans and specifications for the Project.

13. In February 2008, F. RODGERS attempted to install the window frames. It discovered that the openings for the window frames were not square, as shown on the plans and specifications. F. RODGERS is informed and believes, and thereon alleges, that the demolition of the existing window frames by Taber resulted in uneven plaster of varying thickness around the edges of the window frames. The varying thickness of the plaster from the top to bottom of the openings resulted in uneven, warped or racked conditions, which had not been shown on the plans and specifications.

14. F. RODGERS advised Next Door Company of the uneven, warped or racked conditions of the window openings.

15. Next Door Company informed F. RODGERS that it was not possible to manufacture the window frames out of square to the degree that Taber wanted.

16. The uneven, warped or racked condition of the window frame openings were not disclosed to F. RODGERS prior to the execution of the Contract between Taber and F. RODGERS, and was not otherwise known to F. RODGERS at the time of the execution of the subcontract between Taber and F. RODGERS.

17. F. RODGERS sought guidance from Taber, informally and through formal Requests for Information, on how to proceed given the conditions at the job site. Notwithstanding Taber's failure to disclose that site conditions would be different than before, and notwithstanding F. RODGERS' lack of knowledge of those different site conditions, F. RODGERS told Taber that it would complete its work at Taber's direction, and that a change order might be required due to the necessary extra work and additional expense not contemplated at the time of the execution of the subcontract between Taber and F. RODGERS.

18. As a result of the uneven, warped or racked condition of the window frame openings, F. RODGERS would have had to perform extra work and incur additional expense to complete its

COMPLAINT TO RECOVER ON MILLER ACT PAYMENT
BOND (40 U.S.C. § 3131 et seq.); DEMAND FOR JURY TRIAL
C:\Documents and Settings\All Users\Documents\9104\Pld\Complaint.Western.Surety.wpd/mh

1  obligations under the subcontract between Taber and F. RODGERS. This extra work and additional
2  expense were not contemplated at the time of the execution of the subcontract between Taber and
3  F. RODGERS.
4      19.  Instead of responding to F. RODGERS' requests for direction from Taber, Taber
5  terminated F. RODGERS.
6      20.  Termination of the subcontract between F. RODGERS and Taber made further
7  performance of the subcontract impossible by F. RODGERS.
8      21.  At the time that Taber terminated F. RODGERS, F. RODGERS had already furnished
9  and provided labor and materials for which Taber owed F. RODGERS $1,046,809.97.
10     22.  F. RODGERS fully and completely performed all promises on F. RODGERS' part
11 to be performed under its subcontract with Taber, and under the bond, except where said
12 performance was made impossible by the actions of Taber or the National Park Service, or their
13 agents or employees. All of the conditions precedent to performance on the part of Taber and
14 SURETY, and each of them, have occurred.
15     23.  Of the total amount owed to F. RODGERS by Taber for the labor, material, services
16 and equipment it furnished to Taber, only the sum of $25,724.43 has been paid, leaving a balance
17 of $1,046,809.97 remaining due, owing and unpaid to F. RODGERS.
18     24.  F. RODGERS last furnished labor, material, services and equipment on the Project
19 within the year immediately preceding the date on which this Complaint was filed.
20     25.  A period of 90 days has elapsed since F. RODGERS last provided labor, material,
21 services and equipment to Taber.
22     26.  On April 9, 2008, F. RODGERS initiated arbitration with Taber, pursuant to the
23 requirements of the subcontract between Taber and F. RODGERS. F. RODGERS invited SURETY
24 to participate in the arbitration. SURETY declined.
25     27.  Under the payment bond executed between Taber and SURETY, SURETY is jointly
26 and severally obligated to provide payment to F. RODGERS for work performed on the Project.
27 Accordingly, on the failure of Taber to compensate F. RODGERS for the work performed, SURETY
28 is obligated to pay F. RODGERS the amount set forth above.

4
COMPLAINT TO RECOVER ON MILLER ACT PAYMENT
BOND (40 U.S.C. § 3131 et seq.); DEMAND FOR JURY TRIAL
C:\Documents and Settings\All Users\Documents\9104\Pld\Complaint.Western.Surety.wpd/mh

WHEREFORE, the United States of America, for the use and benefit of F. RODGERS, prays for judgment against SURETY as follows:

### PRAYER

1. For the sum of $1,046,809.97, plus unknown consequential damages, and such additional sums that become due up to the date of trial, according to proof;
2. For interest on said sum at the legal rate per annum from February 14, 2008, through the date of judgment;
3. For attorneys' fees as allowed by contract or statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

DATED: May 27, 2008

LAW OFFICE OF
ROBERT A. HUDDLESTON

By _____
JOAN E. PRESKY, ESQ.
Attorneys for Use – Plaintiff F. RODGERS
CORPORATION, a California Corporation

### DEMAND FOR JURY TRIAL

Use – Plaintiff F. RODGERS CORPORATION, a California Corporation demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: May 27, 2008

LAW OFFICE OF
ROBERT A. HUDDLESTON

By _____
JOAN E. PRESKY, ESQ.
Attorneys for Use – Plaintiff F. RODGERS
CORPORATION, a California Corporation

LAW OFFICE OF ROBERT A. HUDDLESTON
500 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Tel: (925) 947-0100
Fax: (925) 947-0111

5
COMPLAINT TO RECOVER ON MILLER ACT PAYMENT
BOND (40 U.S.C. § 3131 et seq.); DEMAND FOR JURY TRIAL
C:\Documents and Settings\All Users\Documents\9104\Pld\Complaint.Western.Surety.wpd/mh

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF F. RODGERS CORPORATION, a California Corporation

## DEFENDANTS
WESTERN SURETY COMPANY

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    CONTRA COSTA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Robert A. Huddleston
500 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Tel: (925) 947-0100

Attorneys (If Known)

Mark S. McKibbin, Esq.
CNA Surety
333 South Wabash Avenue, 41st Floor
Chicago, IL 60604

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [X] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  | [ ] 370 Other Fraud |  | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
|  |  | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land |  | [ ] 535 Death Penalty |  |  |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 |  |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee |  |  |
|  | [ ] 440 Other Civil Rights | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 U.S.C. Sections 3131 et seq.
Brief description of cause:
Recovery on Miller Act payment bond

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1,046,809.97
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
May 27, 2008

SIGNATURE OF ATTORNEY OF RECORD