UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

USA FOR THE BENEFIT OF F. RODGERS,

       Plaintiff (s),

v.

WESTERN SURETY CO,
       Defendant(s).

No. C 08-02676 MHP

ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Marilyn H. Patel. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/28/2008 | Complaint filed | |
| 8/18/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 9/1/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 9/8/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 15, 18th Floor, SF at 4:00 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No. _____

### ORDER SETTING CONFERENCE

In accordance with Civ. L.R. 16-4, lead trial counsel who will try this case are directed to confer in advance of the Case Management/Status Conference with respect to all matters contained in the attached Proposed Joint Case Management Order and all other matters described in Rule 16(a), (b) and (c) and Civ. L.R. 16-8(b). Counsel shall complete the attached Order and file same <u>not less than ten (10) days</u> in advance of the Conference set for

_____ at 4:00 p.m. If additional space is needed, please attach a separate sheet. Plaintiff's counsel shall bear the responsibility for convening all counsel and completing and filing the Order.

Each party shall be represented at the Scheduling Conference by the lead counsel who will try the case and be prepared to discuss all matters referred to in the preceding paragraph. Counsel shall have authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF RULES 4 AND 5, FEDERAL RULES OF CIVIL PROCEDURE AND CIV. L.R. 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Revised 10/24/97

     Counsels' appearance at the Scheduling Conference may be excused by leave of court (a phone request to the Courtroom Deputy is necessary) if this matter has been referred to Arbitration, in which case <u>the attached order shall be filed</u> and shall set forth the arbitration status of the case including the date scheduled for hearing, if any has been set, and the continuances which have been granted.

     Case Management Conferences and other nondispositive matters may be heard by telephone, if all the parties agree and with approval of the court. Counsel should advise the Courtroom Deputy <u>ten (10) days in advance</u> of the scheduled hearing date of this preference.

     MOTIONS TO DISMISS SHALL NOT BE FILED BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE EXCEPT BY LEAVE OF COURT.

***<u>FAILURE TO COMPLY WITH THIS ORDER</u> or the provisions of Fed. R. Civ. P. 16 may be deemed sufficient grounds for dismissal of this cause, default or other appropriate sanctions. (<u>See</u> Rule 16(f)).

                                                  _____
                                                  MARILYN HALL PATEL
                                                  United States District Judge

```
 1
 2
 3
 4
 5
 6
 7
 8
 9                    UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
11                                    )
                                      )   CASE NO.
12                                    )
                                      )   JOINT CASE MANAGEMENT STATEMENT
13                                    )   AND PROPOSED ORDER
                                      )
14                                    )
                                      )   CASE MANAGEMENT CONFERENCE
15                                    )
                                      )   DATE:
16                                    )
                                      )   TIME:
17                                    )
                                      )
18  _____)
19
```

20       Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly
21  submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial
22  counsel who will try this case met and conferred for the preparation of this Statement as required
23  by Civ. L.R.16-4.
24       The parties make the following representations and recommendations:
25
26
27
28

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
-1-

A.    JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION

B.    PRINCIPAL ISSUES

    1.    The principal factual issues that the parties dispute are:

       a.

       b.

       c.

    2.    The principal legal issues that the parties dispute are:

       a.

       b.

       c.

3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved:

4. The following parties have not yet been served:

5. Any additional parties that a party intends to join are listed below:

| Party | Additional Parties | Deadline |
|-------|--------------------|----------|
|       |                    |          |

6. Any additional claims that a party intends to add are listed below:

| Party | Additional Claims | Deadline |
|-------|-------------------|----------|
|       |                   |          |

C. ALTERNATIVE DISPUTE RESOLUTION  (Choose one of the following three options.)

☐  This case already has been assigned or the parties have agreed to use the following court sponsored or other ADR procedure (please list the provider if other than the court):

Date by which ADR session to be commenced: _____

Date by which ADR session to be completed: _____

☐  The parties have been unable to agree on an ADR procedure. The party[ies] listed below believes that the case is appropriate for the ADR procedure indicated:

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
-3-

1  ☐   All parties share the view that no ADR procedure should be used in this case. The specific
2       basis for that view is set forth below:
3
4       The parties make the following additional suggestions concerning settlement:
5
6
7       The Court hereby orders: _____
8       _____
9       _____
10 D.   **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**
11      Parties consent to a jury or court trial presided over by a magistrate judge      ☐ yes
12                                                                                        ☐ no
13      The Court hereby refers this case for the following purposes to a magistrate judge:
14      _____
15      _____
16      _____
17 E.   **DISCLOSURES**
18      The parties certify that they have made the following disclosures:
19      1.   Persons disclosed pursuant to Civ. L.R. 16-5:
20           a.   Disclosed by _____
21                (1)
22                (2)
23                (3)
24                (4)
25           b.   Disclosed by _____:
26                (1)
27                (2)
28                (3)

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
-4-

        (4)

  c.  Disclosed by _____:

        (1)

        (2)

        (3)

        (4)

2.  Categories of documents disclosed under Civ. L.R. 16-5 or produced through formal discovery:

  a.  Categories of documents disclosed by _____:

        (1)

        (2)

        (3)

        (4)

  b.  Categories of documents disclosed by _____:

        (1)

        (2)

        (3)

        (4)

  c.  Categories of documents disclosed by _____:

        (1)

        (2)

        (3)

        (4)

3.  Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

-5-

4. All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed as follows:

| Party | Type of Policy and Policy No. | Policy Limits |
|---|---|---|
| | | |

5. The parties will disclose the following additional information by the date listed:

| Party | Disclosure | Deadline |
|---|---|---|
| | | |

6. Disclosures as required by Fed. R. Civ. P. 26(e) will be supplemented at the following intervals:

F. **EARLY FILING OF MOTIONS**

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:

| Moving Party | Nature of Motion | Hearing Date |
|---|---|---|
| | | |

G. **DISCOVERY**

1. The parties have conducted or have underway the following discovery:

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
-6-

2.  The parties have negotiated the following discovery plan:

3.  <u>Limitations on discovery tools</u> in accordance with Civ. L. R. 30-1, 33-1 (specify number):

   a.  depositions (excluding experts) by:

      plaintiff(s): _____    defendant(s): _____

   b.  interrogatories served by:

      plaintiff(s): _____    defendant(s): _____

   c.  document production requests served by:

      plaintiff(s): _____    defendant(s): _____

   d.  requests for admission served by:

      plaintiff(s): _____    defendant(s): _____

4.  The parties agree to the following limitations on the subject matter of discovery:

5.  Discovery from experts. The parties plan to offer expert testimony as to the following subject matter(s):

6. The Court orders the following additional limitations on the subject matter of discovery: _____

_____

_____

_____

7. Deadlines for disclosure of witnesses and completion of discovery:

    a.    disclosure of identities of all witnesses to be called in each party's case-in-chief:

        plaintiff(s): _____

        defendant(s): _____

    b.    completion of all discovery except from experts (see Civ. L.R. 26-5):

_____

    c.    disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):

        plaintiff(s): _____

        defendant(s): _____

    d.    completion of discovery from experts (see Civ. L.R. 26-5):

_____

H.   PRETRIAL AND TRIAL SCHEDULE

1. Trial date:

2. Anticipated length of trial (number of days):

3. Type of trial:    jury    court

4. Final pretrial conference date: _____

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

-8-

|   |     |                                                                                       |
|---|-----|---------------------------------------------------------------------------------------|
| 1 | 5.  | Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b), complying with the provisions of Civ. L.R. 16-8(b)(7)-(10) and such other materials as may be required by the assigned judge: _____ |
| 6 | 6.  | Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony): _____ |
| 8 | 7.  | Deadline to hear motions directed to the merits of all or part of the case: _____ |

NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purposes of Civ. L.R. 16-9(a) which includes preparation of the joint pretrial conference statement and all other materials required by § H.5 above. Lead trial counsel shall also be present at the pretrial conference. (See Fed. R. Civ. P. 16(d).)

I.   Date of next case management/status conference: _____

J.   OTHER MATTERS

K.   IDENTIFICATION AND <u>SIGNATURE</u> OF LEAD TRIAL COUNSEL

   Identify by name, address and phone number lead trial counsel for each party.

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
-9-

1     The court finds that each party was represented by lead trial counsel responsible for trial of this
2 matter and was given an opportunity to be heard as to all matters emcompassed by this Case
3 Management Statement and Proposed Order filed prior to this conference. The court adopts this
4 statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).
5     The foregoing joint statement as amended is adopted by this court as the Case Management
6 Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern
7 all further proceedings in this action.
8     IT IS SO ORDERED.

Date:

                                              Marilyn Hall Patel,
                                              United States District Judge

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9.  The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.